IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HELEN ANN HOLSINGER, Heir at Law of
Jerry Holsinger, Deceased,

    Plaintiff,

vs.              Case No. 04-1029-JTM

WENDELL K. NICKELL, Administrator for
the Estate of Terrence Thornton, Deceased,
and LARRY SMITH, individually, and
AMERIPLANES, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

  This matter comes before the court on the defendant Larry Smith's Motion to Change Venue (Dkt. No. 36). Defendant Smith requests that the court transfer this case to the United States District Court of Iowa in Des Moines, Iowa. Defendant claims that the Iowa courthouse would be more convenient to him because of its proximity to his former home and office. Plaintiff responds that the change of venue is inappropriate because it merely shifts the inconvenience to other witnesses and thus does not meet the requirement for forum non conveniens. After reviewing the parties' arguments, the court finds transfer is inappropriate.

**I. BACKGROUND**

  On or about January 29, 2004, in the U.S. District Court of Kansas, plaintiff Helen Ann Holsinger, heir at law of the deceased Jerry Holsinger, brought a wrongful death action against

defendants Wendell K. Nickell, as administrator of the Estate of Terrance Thornton, Mr. Larry Smith, individually, and AmeriPlanes, Inc.

AmeriPlanes is a foreign for profit corporation with a mailing address in Truro, Iowa. Complaint ¶ 4. Based on the registration information listed with the Iowa Secretary of State, Mr. Smith is designated as the resident agent, president and director of AmeriPlanes. Complaint ¶ 4. The complaint alleges that Mr. Smith, who was acting as an agent of AmeriPlanes, sold a Mitchell Wing Ultra-Lite aircraft (hereafter "aircraft") to Mr. Terrance Thornton. Complaint ¶ 9. The complaint alleges that Mr. Smith knew that Mr. Thornton would be using the aircraft for flight training. Complaint ¶ 13.

On May 10, 2003, Mr. Thornton conducted a training flight with Mr. Jerry Holsinger in the aircraft purchased from Mr. Smith. Complaint ¶ 16. At approximately 9:15 a.m., the aircraft crashed in a field in Saline County, Kansas. Complaint ¶ 18. Plaintiff alleges the crash was due to an out-of-date/non-servicable "BRS" propellant canister on the aircraft sold to and operated by Mr. Thornton. Complaint ¶ 17. Plaintiff alleges that the "BRS" propellant canister was in the same condition when it was sold by Mr. Smith to Mr. Thornton. Complaint ¶ 17.

On or about November 18, 2004, the court dismissed Wendy Nickell, the administrator of Mr. Thornton's estate, from this action based on a partial settlement (see Dkt. No. 35). Presently, only Mr. Smith and AmeriPlanes remain as defendants in this action.

## II. STANDARD FOR CHANGE OF VENUE

It is within the sound discretion of the district court to determine whether transfer of venue is appropriate under 28 U.S.C.A. § 1404(a). The statute provides in relevant part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer

2

any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a).  In determining if transfer is appropriate, the court considers: 1) the plaintiff's right to choose his forum; 2) the convenience of the parties including potential disruption of their business; 3) the convenience of the probable witnesses; 4) the forum where the case can be most expeditiously tried; and 5) the interests of justice, 'a term broad enough to cover the particular circumstances of each case.'  Bayly Mfg. Co. v. Koracorp Industries, Inc., 298 F. Supp. 600, 602-03 (D. C. Colo. 1969) (citations omitted).  In general, the court gives weight to a plaintiff's choice of forum.  See Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1502 (D. Kan. 1989); Ammon v. Kaplow, 468 F. Supp. 1304, 1313 (D. Kan.1979).  Where a transfer merely shifts the inconvenience from one party to another, the court will not order a transfer.  See Ammon, 468 F. Supp. at 1304.  The party seeking the transfer has the burden of demonstrating that transfer is appropriate.  KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp. 2d 1212, 1213 (D. Kan. 1998); Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

### III. ANALYSIS

Since the events relating to this action occurred in Kansas and witnesses are likely to be in the state, the court finds that transfer of venue is inappropriate.  While the court is sympathetic to Mr. Smith's circumstances, the court cannot transfer venue where such an action merely transfers the burden from one party to another.  If the court were to transfer this action to Iowa, then plaintiff and plaintiff's witnesses would also have to incur expenses related to travel.  Kansas was the place of residence of the deceased plaintiff and also the location of the accident.  In such circumstances, it is best not to disturb the plaintiff's original choice in forum.

IT IS ACCORDINGLY ORDERED this 16th day of May, 2005, that the court denies defendant's Motion to Change Venue (Dkt. No. 36).

                                                           s/ J. Thomas Marten
                                                           J. THOMAS MARTEN, JUDGE